# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JAMES WOLFBAUER, an individual,** | **CASE NO. 4:15CV3141** |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| **OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company, and DOES 1 THROUGH 10, Inclusive,** | |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss (Filing No. 12) submitted by Defendant Ocwen Loan Servicing, LLC ("Ocwen"). For the reasons discussed below, the Motion will be granted in part, and Plaintiff James Wolfbauer ("Wolfbauer") will be given leave to file an Amended Complaint limited to his claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e).

## FACTS

For purposes of the pending Motion, the well-pled factual allegations in Wolfbauer's Complaint (Filing No. 1) are accepted as true, although the Court need not accept his conclusions of law. The following is a summary of the allegations in the Complaint.

Wolfbauer is a citizen of the state of Nebraska, having his residence (the "Subject Property") in Lincoln County. Ocwen is a Delaware Limited Liability Company servicing the mortgage loan on the Subject Property.

On or about January 2013, Wolfbauer began to fall behind in his mortgage payments and asked Ocwen for a loan modification. On or about June 27, 2013, Ocwen denied Wolfbauer's request, stating that the owner of the loan, RAMP 2007-RP2, did not approve the loan modification terms. (Filing No. 1, Exhibit 1, at ECF 16.)

On July 2, 2013, Wolfbauer sent a letter that he labeled "QUALIFIED WRITTEN REQUEST" to Ocwen, referencing RESPA. (*Id*., Exhibit 2, at ECF 18–19.) That letter requested documentation, including "ORIGINAL 1003 LOAN APPLICATION," "GOOD FAITH ESTIMATE," "HUD-1 SETTLEMENT STATEMENT," "TRUTH IN LENDING DISCLOSURES STATEMENT," "CURRENT PROMISSORY NOTE RECORDED SHOWING LIENHOLDER," "Bailee Letter . . . along with any associated addendums to the promissory note (to include allonge)," and "Affidavit of Debt . . . for each sale or transfer as is required by federal and state law to prove up the validity of the mortgage debt." (*Id*.) Ocwen did not respond.

On August 6, 2013, Wolfbauer's agent wrote to Ocwen, seeking information about the identity of the mortgage investor so the agent could contact the investor to discuss a loan modification. (*Id*., Exhibit 3, at ECF 21.) On August 26, Wolfbauer's agent wrote to Ocwen again, alleging that Ocwen failed "to provide documentation to validate the debt" and "falsely refus[ed] to modify the loan on the basis of an unwilling investor by providing false information to substantiate the denial." (*Id*., Exhibit 4, at ECF 23.) Ocwen did not respond.

On November 1, 2013, Wolfbauer's agent sent another request[1] to Ocwen, seeking "information about the accounting and servicing of the Loan, disputing the validity of the debt associated with Mortgage and Note, and requesting a validation of the debt associated with Mortgage and Note, among other things." (*Id*. at ECF 4, ¶ 13.) Ocwen did not respond.

---

[1] Wolfbauer attached to his Complaint copies of the correspondence dated July 2, August 6, and August 26, 2013, but no copy of the correspondence dated November 1, 2013.

Ocwen initiated foreclosure proceedings on the Subject Property, and scheduled a foreclosure sale for December 8, 2015.

On November 20, 2015, Wolfbauer filed this action, *pro se*, presenting five theories of recovery: (1) violation of RESPA, (2) fraud, (3) unfair or deceptive trade practices in violation of 15 U.S.C. § 45(a), (4) deceptive trade practices in violation of Neb. Rev. Stat. § 87-302, and (5) equitable estoppel. Wolfbauer asks the Court to enjoin the foreclosure, award him damages, declare the actions of Ocwen to constitute a breach of contract, and grant him a variety of other relief.

Ocwen filed its Motion to Dismiss on January 20, 2016. Wolfbauer requested and received an extension of time to respond to Ocwen's Motion to Dismiss. Although Wolfbauer's response was not timely filed, it has been fully considered by the Court.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629–30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "'Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *Williams v. Hobbs,* 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S.

4

at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

### I. RESPA

Under RESPA, 12 U.S.C. § 2605(e), a loan servicer is required to respond to a qualified written request ("QWR") "relating to the servicing" of a loan. A QWR must "[s]tate[] the reasons the borrower believes the account is in error; or . . . [p]rovide[] sufficient detail to the servicer regarding information relating to the servicing of the mortgage loan sought by the borrower." 12 C.F.R. § 1024.31 (2014). Servicing is defined narrowly: "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3); *see also* 12 C.F.R. § 1024.2.

An inquiry about the validity, ownership, transfer, assignment, or potential modification of a loan is not "related to the servicing" of the loan and does not constitute a QWR. *See Sheely v. Bank of American, N.A.,* 36 F. Supp. 3d 1364, 1369–70 (N.D. Ga. 2014) (letter demanding audit and requesting information or documentation unrelated to servicing of the loan is not QWR under RESPA); *Hopson v. Chase Hame Finance, LLC*, 14 F. Supp. 3d 774, 786–87 (S.D. Miss. 2014) (ostensible QWR demanding information to facilitate an audit, challenging validity of debt, and seeking identity of owner of mortgage

note was not QWR under RESPA); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1115–16 (E.D. Cal. 2014) (letter challenging foreclosure authority and not addressing scheduled periodic payments, or the payment of principal and interest, was not QWR under RESPA); *Smith v. Bank of America Home Loans,* 968 F. Supp. 2d 1159, 1170 (M.D. Fla. 2013) (letter challenging validity of debt, alleging mortgage was void, and seeking to block foreclosure is not a QWR under RESPA); *Henson v. Bank of America*, 935 F. Supp. 2d 1128, 1144–45 (D. Colo. 2012) (correspondence is not a QWR under RESPA if it does not relate to the servicing of the loan); *Ward v. Security Atlantic Mortg. Electronic Registration Systems, Inc.*, 858 F. Supp. 2d 561, 574 (E.D.N.C. 2012) (request for documentation and information regarding transactional history of loan and validity of loan is not a QWR under RESPA); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 900–01 (N.D. Ill. 2000) (letter requesting mortgage documents and information about validity of loan, but not seeking account balance, was not QWR under RESPA).

Wolfbauer's allegations of a RESPA violation are conclusory; they do not allow the Court to infer that he initiated a QWR under RESPA; and they are not pled with the particularity required to demonstrate actual harm. *See Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510–11 (8th Cir. 2012) (holding that plaintiff in a RESPA claim must show that defendant's failure to respond to a QWR caused plaintiff actual harm). Accordingly, the Complaint does not state a claim upon which relief can be granted under RESPA.

In his Complaint, Wolfbauer alleges that on November 1, 2013, his agent sent a request to Ocwen, seeking "information about the accounting and servicing of the Loan,

disputing the validity of the debt associated with Mortgage and Note, and requesting a validation of the debt associated with Mortgage and Note, among other things." (Filing No. 1 at ECF 4, ¶ 13.) Wolfbauer did not attach a copy of that communication. He will be given an opportunity to file an Amended Complaint, including a copy of the November 1, 2013, inquiry, *and* stating with specificity how he suffered actual damage as a result of Ocwen's alleged failure to respond to the inquiry regarding an accounting and the servicing of the loan. It will not be sufficient for Wolfbauer to allege that he was denied an opportunity to obtain a loan modification from the real party in interest, *see Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223–24 (E.D. Cal 2010), or that or that he suffered a foreclosure, *see Thepvongsa v. Regional Trustee Servs. Corp.*, 972 F. Supp. 2d 1221, 1228–30 (W.D. Wash. 2013), given that he was in default of under the mortgage at the time of his correspondence with Ocwen.

## II. Fraud

Under Fed. R. Civ. P. 9(b), "a party must state with particularity the circumstances constituting fraud . . . ." The Nebraska Supreme Court has held that the elements of fraud are:

> (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that he or she suffered damage as a result.

*Nebraska Nutrients v. Shepherd*, 626 N.W.2d 472, 495 (Neb. 2001), *abrogated on other grounds*, *Sutton v. Killham*, 825 N.W.2d 188 (Neb. 2013).

Wolfbauer's Complaint alleges that Ocwen led Wolfbauer to believe he could apply for a modification of his loan, knowing that such a modification was not possible. It cannot be inferred, however, that Ocwen intended that Wolfbauer rely upon any such representation, nor that Wolfbauer did rely on the representation to his detriment. Accordingly, the Complaint does not state a claim based on fraud.

### III.  15 U.S.C. § 45(a)

The Federal Trade Commission is empowered to prevent unfair trade practices by lending institutions under 15 U.S.C. § 45(a). Nothing in the statute creates a private right of action. Accordingly, the Complaint does not state a claim under 15 U.S.C. § 45(a).

### IV.   Neb. Rev. Stat. § 87-302

In Wolfbauer's Complaint, he refers to the language in Neb. Rev. Stat. § 87-302(a)(4) (Reissue 2014), which states that "[a] person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she . . . [u]ses deceptive representations or designations of geographic origin in connection with goods or services . . . ." Wolfbauer's factual allegations in support of his claim under § 87-302(a)(4) center on his contention that Ocwen led him to believe he could apply for a loan modification, when no such modification was possible. (Complaint, Filing No. 1 at 9–10.)

Actions under the Uniform Deceptive Trade Practices Act ("UDTPA"), of which Neb. Rev. Stat. § 87-302(a)(4) is a part, are actions in equity. *See State ex rel. Stenberg v. Consumer's Choice Foods,* 755 N.W.2d 583, 592 (Neb. 2008). Private actions under the UDTPA may be brought by a "person likely to be damaged by a deceptive trade practice

of another" and are for prospective relief. Neb. Rev. Stat. § 87-303 (Reissue 2014). Even if the Court were to infer some deceptive practice by Ocwen based upon Wolfbauer's allegations, his claim concerns *past* conduct. Wolfbauer is not a "person likely to be damaged" by the conduct, and his allegations do not give rise to a private action under the UDTPA.

## V.  Equitable Estoppel

The Nebraska Supreme Court has defined the elements of equitable estoppel:

> The elements of equitable estoppel are, as to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. As to the other party, the elements are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his or her injury, detriment, or prejudice.

*Omaha Police Union Local 101, IUPA, AFL–CIO, v. City of Omaha*, 872 N.W.2d 765, 771–72 (Neb. 2015) (internal citations omitted).

Even assuming that Ocwen led Wolfbauer to believe he could apply for a modification of his loan and Ocwen knew such a modification was not possible, Wolfbauer's allegations do not demonstrate that he relied on that misinformation to his injury, detriment, or prejudice. To the contrary, the allegations in the Complaint demonstrate that Wolfbauer's position or status was unchanged. His suggestion that Ocwen should be "required by the doctrine of promissory estoppel to offer Plaintiff a permanent modification" of his loan and suspend foreclosure proceedings, (Complaint,

9

Filing No. 1 at ECF 13), is a leap of logic inconsistent with the doctrine of equitable estoppel.

## CONCLUSION

Wolfbauer's Complaint fails to state claims on which relief can be granted. It appears that any amendment would be futile with respect to his claims based on fraud, unfair or deceptive trade practices in violation of 15 U.S.C. § 45(a), deceptive trade practices in violation of Neb. Rev. Stat. § 87-302, and equitable estoppel. Those claims will be dismissed, with prejudice.

Wolfbauer will be given leave to file and Amended Complaint regarding his RESPA claim, as specified above. Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 12) submitted by Defendant Ocwen Loan Servicing, LLC, is granted in part as follows:

    Plaintiff James Wolfbauer's claims based on fraud, unfair or deceptive trade practices in violation of 15 U.S.C. § 45(a), deceptive trade practices in violation of Neb. Rev. Stat. § 87-302, and equitable estoppel, are dismissed, with prejudice; and

2. Plaintiff James Wolfbauer will be given leave to file an Amended Complaint on or before April 11, 2016, with respect to his claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e).

DATED this 24th day of March, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge